EXHIBIT A

IN THE CIRCUIT COURT OF THE COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| **LEONA COLEMAN**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) Cause No.: 20SL-CC01266 |
| | ) |
| v. | ) |
| | ) Division No.: 19 |
| **CINTAS CORPORATE** | ) |
| **SERVICES,** | ) |
| | ) |
| | ) JURY TRIAL DEMANDED |
| Serve at: | ) |
| **c/o CSC-LAWYERS INCORPORATING** | ) |
| **SERVICE COMPANY** | ) |
| **221 Bolivar Street** | ) |
| **Jefferson City, MO 65101** | ) |
| | ) |
| AND | ) |
| | ) |
| **RYAN FRANCIS,** | ) |
| | ) |
| Defendants. | ) |
| | ) |

## FIRST AMENDED PETITION

COMES NOW, Plaintiff Leona Coleman, by and through counsel, and for her cause of action against Defendants Cintas Corporate Services and Ryan Francis alleges and states as follows:

1

**EXHIBIT A**

## PARTIES AND JURISDICTION

1. At all times herein mentioned, Plaintiff, Leona Coleman, is a citizen of the United States above the age of eighteen (18) years who resides within St. Louis County, State of Missouri.

2. At all times mentioned herein, Defendant Cintas Corporate Services ("Cintas") is and was a corporation with a contract to provide commercial facility cleaning services to Missouri Baptist Hospital, located in St. Louis County, State of Missouri.

3. At all times mentioned herein, Defendant Ryan Francis ("Francis") is and was an employee of Cintas, and upon information and belief, at all times relevant hereto resided in the State of Missouri.

4. Venue in this Court is proper in that the acts and occurrences that gave rise to this cause of action took place in St. Louis County, State of Missouri.

## COMMON FACTUAL ALLEGATIONS

5. On October 15, 2017, in the scope of her employment as a security officer for Missouri Baptist Hospital ("Hospital"), Plaintiff was on the ground floor of the Hospital, heading to the dock area to retrieve the public safety vehicle.

6. As Plaintiff was walking down the hallway, she noticed a long blue hose extending from the dock door into one of the offices, and Francis, one of the Cintas employees approaching through the dock door.

Electronically Filed - St Louis County - December 15, 2020 - 10:51 AM

7.	At that time, Plaintiff was asked by Francis, the Cintas employee, to unlock the the Human Resources office door so he could clean the carpet.  Plaintiff unlocked the door and asked Francis to keep the Human Resources office door propped open because they were short staffed, and it may be awhile before a security officer was able to return to unlock it again.

8.	Plaintiff returned sometime later and asked Francis, the Cintas employee whether he was able to get into the Human Resources office okay, and he indicated he had accidentally let the door close and it had locked. He asked if Plaintiff could unlock the door again.  Plaintiff then turned around to walk back towards the Human Resources door, and went to step over the blue hose, but as she did so, Francis, the Cintas employee was pulling the hose, which caused the hose to go under Plaintiff's foot, and she thereafter stepped on it, causing her to fall.

9.	Plaintiff fell violently forward onto her right knee, right arm, and shoulder. Immediately upon hitting the ground, Plaintiff felt a pain so severe in her left leg, she believed she had broken it.

10.	As a result of the dangerous condition of the hose, and the negligent actions of Francis, the Cintas employee, Plaintiff tore her left quadricep tendon and tore her right rotator cuff. Both injuries required surgery to repair and extensive, painful physical therapy.  Plaintiff also suffered injury to her right knee and lower back.  Plaintiff missed significant time from work during her recovery period.

**COUNT I-NEGLIGENCE**

11.	Plaintiff does hereby incorporate by reference each and every allegation contained

3

4

in Paragraphs 1-10, as if fully set forth herein.

12. Defendants knew or in the exercise of ordinary care, should have known of the dangers posed by having one of its vacuum hoses extended across a main thoroughfare of the hospital, namely, a hallway.

13. The dangerous condition created by Defendants created a reasonably foreseeable risk of harm of the kind of injury that Plaintiff incurred.

14. The danger posed by the hose, in conjunction with the movement of the hose by Francis, the Cintas employee, was not open and obvious to Plaintiff.

15. The aforementioned occurrence and injuries to Plaintiff were the direct and proximate result of the negligence and carelessness of Defendants in the following respects:

> a) Defendants were negligent and careless in that the instrument which caused the dangerous condition were within its custody and control, and they caused the dangerous condition to be present;
>
> b) Defendants were negligent and careless in that Francis, an employee of Cintas, made the already dangerous condition more dangerous by moving the hose while Plaintiff was stepping over it;
>
> c) Defendants were negligent and careless in that they created the dangerous condition of the hose extending into the hallway, a main thoroughfare of the Hospital, and they failed to take steps to warn of the danger and/or to barricade the area so as not to allow individuals to traverse the area until the work was complete.

5

16.     As a direct and proximate result of the negligence and carelessness of Defendants, Plaintiff was caused to sustain progressive, painful and traumatic injuries and lasting injuries to her left quadricep tendon, her right rotator cuff, and right knee and lower back.  Plaintiff suffers and will continue to suffer severe pain and discomfort, emotional distress, loss of enjoyment of life, and the function and use of said body parts has been limited and impaired.

17.     As a further direct and proximate result of the negligence on the part of Defendants, Plaintiff has incurred the following:

        A)     lost wages;

        B)     medical bills; and

        C)     loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests the Court to enter a monetary judgment in her favor and against Defendants Cintas Corporate Services and Francis in an amount which meets the jurisdictional authority of this Court. Plaintiff further asks for her reasonable costs of court as against Defendants and for such further orders as this Court deems just and proper under the facts and circumstances of this case.

**EXHIBIT A**

                Respectfully Submitted,

                LAW OFFICES OF RICK BARRY, P.C.

By:    /s/ Megen I. Hoffman
        RICK BARRY, MBE # 25592
        MEGEN I. HOFFMAN, MBE#58772
        Attorneys for Plaintiff
        1034 S. Brentwood Blvd., Suite 1301
        St. Louis, MO 63117
        Phone: (314)918-8900
        Fax: (314)918-8901
        rickbarry@rickbarrypc.com
        megens@rickbarrypc.com

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true copy of the foregoing was served via the Court's electronic filing system, this 15th day of December , 2020.

Jessica B. Cozart
Shatrasha L. Stone
BAKER STERCHI COWDEN & RICE, LLC
100 North Broadway, 21st Floor
St. Louis, MO 63102

                              /s/ Megen I Hoffman

Electronically Filed - St Louis County - December 15, 2020 - 10:51 AM

**EXHIBIT A**

Electronically Filed - St Louis County - December 15, 2020 - 10:51 AM